**Order filed October 22, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00035-CR
_____

## VERNON LLOYD RITCHEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-18-1662-CR**

### O R D E R

Appellant, Vernon Lloyd Ritchey, pleaded not guilty to the offense of continuous sexual abuse of a child and to three offenses of sexual assault of a child. *See* TEX. PENAL CODE ANN. § 21.02 (West 2019), § 22.011(a)(2), (c)(1) (West Supp. 2020). The jury found Appellant guilty of all four offenses and assessed his punishment at seventy-five years' confinement on the continuous sexual abuse of a

child offense and at twenty years' confinement on each of the sexual assault of a child offenses. The trial court granted the State's motion to cumulate the sentences.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel asserts that he has conscientiously examined the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967).

Following the procedures outlined in *Anders*; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); and *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008), we have conducted an independent review of the record. We note that, in the punishment phase charge, the trial court included an instruction—related to the offense of sexual assault of a child—about the applicability of any good conduct that Appellant might be awarded by prison authorities.

Because Appellant was convicted of sexual assault of a child, the trial court was required to instruct the jury pursuant to Article 37.07, section 4(a) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 37.07, § 4(a) (during penalty phase of a trial in which the jury is to assess punishment, the trial court shall charge the jury pursuant to Section 4(a) if the offense is listed in Article 42A.054(a)), 42A.054(a)(8) (listing Section 22.011 (sexual assault) of the Texas Penal Code) (West Supp. 2020); *see also Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002). Effective September 1, 2019, the Texas legislature amended Article 37.07, section 4(a) to delete all references to good conduct time. *See* Act of May 15, 2019, 86th Leg., R.S., ch. 260, § 1(a), 2019 Tex. Sess. Law Serv. ch. 260 (H.B. 1279).

The amended jury instruction applies to all defendants sentenced after September 1, 2019, regardless of the date of the offense. *See id.* §§ 2–3. The trial court sentenced Appellant on February 4, 2020. Accordingly, the trial court erred when it included in the punishment phase charge any instruction related to good

conduct time that may be awarded to Appellant by prison authorities. *See Addison v. State*, No. 05-18-01263-CR, 2020 WL 4251068, at *3–4 (Tex. App.—Dallas July 24, 2020, no pet.) (mem. op., not designated for publication) (holding that punishment phase charge was erroneous because it included language related to good conduct time that was "not delineated in section 4(a)").

We grant Appellant's counsel's motion to withdraw, abate this proceeding, and remand the cause to the trial court for the appointment of new appellate counsel. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We direct the trial court to appoint new counsel to represent Appellant on appeal. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel in its order appointing new counsel. The order shall be included in a supplemental clerk's record, which shall be filed with the clerk of this court on or before November 6, 2020. New appellate counsel is directed to address the issue identified by this court and to raise any other substantive issues that counsel deems arguable. Appellant's brief is due to be filed in this court thirty days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure.

The motion to withdraw is granted; the appeal is abated; and the cause is remanded to the trial court in accordance with this order.

October 22, 2020                                    PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.